

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2002

# SNA Inc v. Karlsen

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4313

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"SNA Inc v. Karlsen" (2002). *2002 Decisions.* Paper 518.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/518

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4313
_____

RICHARD F. SILVA;
SNA INC.

v.

DOUGLAS KARLSEN
t/a TURBINE DESIGN INC.
a/k/a DOUGLAS JAWORSKI

(E. D. Civil No. 97-cv-03793)

SNA, INC.;
SILVA ENTERPRISES LIMITED

v.

PAUL ARRAY; HORIZON UNLIMITED

(E. D. Civil No. 97-cv-07158)

Douglas Karlsen, Turbine Design, Inc.,
Paul Array and Horizon Unlimited, Inc.,
                                    Appellants
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil Nos. 97-cv-03793 and 97-cv-07158
District Judge:  The Honorable Marvin Katz
_____

Argued July 23, 2002
_____

Before: SLOVITER, NYGAARD, and BARRY, Circuit Judges

(Opinion Filed: August 19, 2002)
_____

Martin A. Pedata, Esquire (Argued)
1335 Saratoga Street
DeLand, Fl 32724

Attorney for Appellants


Kenneth J. Benton, Esquire (Argued)
Terry E. Silva, Esquire
Silva & Associates
1429 Walnut Street, Suite 900

Philadelphia, PA 19102

Attorneys for Appellees

———————————

OPINION

———————————


BARRY, Circuit Judge

Defendants Douglas Karlsen, Paul Array, and the companies they operate (Turbine Design, Inc., and Horizon Unlimited, respectively), appeal the District Court's award of attorneys fees and related costs to plaintiffs Richard Silva and the companies he operates, SNA, Inc., and Silva Enterprises, Ltd. The District Court had jurisdiction under 15 U.S.C. 1117 ("Lanham Act"), which permits a district court to award attorneys fees in trademark infringement cases. We have jurisdiction under 28 U.S.C. 1291 and will affirm.

I.

The facts underlying this contentious litigation are well known to the parties, and will only be reviewed here as is relevant to the particular issue raised. Plaintiffs filed their complaint in 1997, alleging breach of contractual obligations, defamation, civil conspiracy, and trademark, trade dress, and trade secret infringement. In 1999, the District Court ruled on plaintiffs' motion for a preliminary injunction, largely denying the requested relief but enjoining defendants Horizon Unlimited and Array from using a particular web site domain name that infringed upon plaintiffs' trademark. After a bench trial, the District Court made the injunction permanent, ruling in favor of plaintiffs on some of their claims, including contractual breach, civil conspiracy, and some trademark infringement, and granting compensatory and punitive damages on the civil conspiracy claim. See SNA, Inc. v. Array, 51 F. Supp. 2d 554 (E.D. Pa. 1999) ("Array I"). We affirmed the District Court's judgment on the merits, directing plaintiffs to renew their fee application before the District Court. SNA, Inc. v. Karlsen, 259 F.3d 717 (3d Cir. 2001) (tbl.) ("Karlsen")

Plaintiffs initially moved for attorneys fees under the Lanham Act on June 23, 1999. On July 6, 1999, the District Court dismissed the motion "without prejudice to renew with sufficient information for the court to determine the reasonableness of the fees, specifically the time spent on unsuccessful claims that are distinct from successful claims and documentation of the time spent." Plaintiffs renewed their motion on July 21, 1999, but on September 7, 1999, the District Court again dismissed the motion without prejudice to renew following the determination of the merits appeal to this Court. That dismissal also required further identification of "legal fees actually paid by plaintiffs to the attorney . . . ." A third motion for fees was filed on June 30, 2000, but was again dismissed without prejudice, as it apparently did not satisfactorily comply with the District Court's September 7 order.

Plaintiffs' fourth motion, filed on August 31, 2001, was granted by the District Court on November 5, 2001. The District Court awarded $213,341.50 in attorneys fees and $81,792.39 in costs, including costs for travel to and from depositions and for transcripts. Defendants timely appealed.

II.

Defendants' first argument concerns the timeliness of plaintiffs' fourth motion for attorneys fees, the one that was ultimately successful. They suggest that because that fourth motion was filed more than ten days after final judgment on the merits, more than ten days after the Court denied the initial motion for fees, and more than ten days from the date on which the last order denying attorneys fees was entered, it was untimely under both Fed. R. Civ. Proc. 59(e) and Local Rule 7.1(g) of the Eastern District of Pennsylvania. We disagree.

It is utterly specious to suggest, as defendants apparently suggest, that a motion dismissed without prejudice must nevertheless then be refiled within the initial relevant time period. Moreover, we reject, at least in the circumstances of this case where the

judgment on the merits did not deal with fees, that the motion for fees was one to alter the judgment and, thus, subject to the ten day rule. In any event, we affirmed that judgment and directed that the fees thereafter be addressed by the District Court. We saw no jurisdictional impediment then, and see none now. And, as a matter of common sense, we will not require a district court to finally resolve a motion denied without prejudice, even if that motion is inadequately supported, only to be told that when the appropriate support is submitted, it comes "too late."

## III.

Next, defendants argue that attorneys fees are not permitted because plaintiffs did not suffer monetary damages as a result of defendants' Lanham Act violations. This Court has not, however, required a showing of money damages before attorneys fees may be awarded. In Ferrero U.S.A. v. Ozak Trading, Inc., 952 F.2d 44, 49-50 (3d Cir. 1991), a case invoked by defendants, we reversed an award of attorneys fees where the District Court had neglected to explain its finding that the case was "exceptional" under 1117. We recognized that some courts considered the absence of damages "relevant" to the fee award determination, and that it might indeed "bear[] on the appropriateness of the attorneys' fees award." 952 F.2d at 47, 49. Nevertheless, because, unlike here, the "liability issue was a close one" and because there, unlike here, there was "no evidence demonstrating bad faith on the part of [defendant] so as to make this case exceptional," id. at 49, attorneys fees were not warranted.

The District Court, in awarding fees, relied on our recent decision in Securacomm Consulting, Inc. v. Securacomm Inc., 224 F.2d 273 (3d Cir. 2000). Although we did not there explicitly address whether damages are required before fees can be awarded, we affirmed the fee award even absent an award of damages. Further, we noted that an award of attorneys fees is an equitable matter, and that we look to all the circumstances of the case in determining whether such fees should be granted. Id. at 281. We specified that the "culpable conduct" that might ground a fee award "may be broader than willful infringement"; indeed, no "successful plaintiff whose claim is based on another form of infringement will necessarily be precluded from receiving attorney's fees." Id. at 280. Accordingly, the absence of damages is not fatal to a claim of attorneys fees and the District Court did not err in awarding fees here.

## IV.

Finally, defendants argue that the motion for fees did not comply with this Court's requirements as set out in Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator and Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973) ("Lindy I") and Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator and Standard Sanitary Corp., 540 F.2d 102 (3d Cir. 1976) ("Lindy II"). They argue, as well, that the fee award was excessive.

These arguments are unavailing. First, assuming the applicability in whole or in part of the Lindy cases, a district court is required to determine a reasonable hourly fee and a reasonable number of hours worked by the attorney. The District Court here explained specifically how it did so. Moreover, under Hensley v. Eckerhart, 461 U.S. 424 (1983), a fee award for unsuccessfully litigated claims may be inappropriate. Here, the District Court discounted the award by one-third, based on its finding not only that legal services for unsuccessful claims should not be awarded, but also that services for successful claims on issues for which fees are generally not awarded (i.e., civil conspiracy and defamation) should be excluded as well. Indeed, the District Court's order denying the first motion for fees specifically requested that briefing distinguish between successful and unsuccessful claims. The District Court also excluded hours where it was unclear how much time the primary attorney had in fact expended relative to her associates. And, to the extent that defendants argue that certain items were but should not have been considered and that the District Court did not sufficiently distinguish among the defendants vis-a-vis fees, we reject that argument. While certainly the District Court could have been more explicit, we are confident, given the District Court's lengthy experience with and intimate knowledge of this litigation, that its conclusion as to the appropriate amount of fees to be awarded was not an abuse of discretion.

## V.

For the foregoing reasons, the District Court's order of November 5, 2001 will be affirmed.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry_____
Circuit Judge